**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WATKINS LAW & ADVOCACY, PLLC<br>1455 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20004<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza SW<br>Washington DC 20260<br><br>      Defendant. | No. 1:18-cv-365 |

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., seeking the release of withheld records concerning the tracking of a certain item mailed from the Philippines to the United States by registered mail.

2. The United States Postal Service ("USPS") is impermissibly and inexplicably withholding detailed tracking information—including with respect to the so-called "Standard S10 Item ID," "Receptacle ID," "Dispatch ID," and/or "Consignment ID" associated with the mail—along with the related Electronic Data Interchange messaging.  USPS alleges that these tracking details are "commercial information" exempt from disclosure.

3. The information sought in the FOIA request is critical to an appeal filed by a seventy-five (75) year old surviving spouse of a Filipino World War II veteran.  USPS contends that it would not be "good business practice" to be helpful here and disclose.  Plaintiff disagrees.

4. Plaintiff seeks declaratory, injunctive, and other appropriate relief with respect to the unlawful withholdings of records requested under FOIA from USPS.

## JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).  In addition, this Court has jurisdiction pursuant to the APA, 5 U.S.C. §§ 701-706.  This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57, 65.

6.  Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendant is located in the District of Columbia and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

7.  Plaintiff Watkins Law & Advocacy, PLLC, a law firm, is a professional limited liability company organized under the laws of the District of Columbia with a principal place of business located at 1455 Pennsylvania Avenue NW, Suite 400, Washington, DC 20004.

8.  Defendant United States Postal Service is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, headquartered at 475 L'Enfant Plaza SW, Washington DC 20260.  USPS has possession, custody, and control over the records sought by plaintiff.  USPS is subject to FOIA.  *See* 39 U.S.C. § 410(b)(1) (applying to the Postal Service "section 552 (public information) . . . of title 5").  "It is Postal Service policy to make its records available to the public to the maximum extent consistent with the public interest."[1]

## NATURE OF THE ACTION

9.  During World War II, President Franklin D. Roosevelt issued a Military Order on July 26, 1941 in which he "call[ed] and order[ed] into the service of the armed forces of the United States . . . all of the organized military forces of the Government of the Commonwealth

---

[1] *See* https://about.usps.com/who-we-are/foia/welcome.htm.

of the Philippines," which at the time was a territory of the United States by virtue of having been acquired from Spain when the Treaty of Paris was ratified to end the Spanish-American War. Through the United States Department of Veterans Affairs ("VA"), certain very limited benefits are available to Filipinos who served in the war.

10. Plaintiff represents, *pro bono*, a seventy-five (75) year old woman who is the surviving spouse of a Filipino World War II veteran. She is poor, suffers from acute disease, and bed ridden. She lives in a rural part of the Philippines on the island of Luzon, where she has neither a telephone, nor fax, nor email. She lives in a barangay—a small territorial and administrative district—that does not even have a mail carrier. And, she does not have a mail box. When she sends or receives mail, her relative must travel, for her, to a single Postal Office in the municipality that serves 25 barangays including the one where she lives.

11. Her late husband filed a claim with VA for a one-time payment ($9,000) from the Filipino Veterans Equity Compensation Fund before the deadline (February 16, 2010) for doing so.[2] He died in July 2015; VA did not make any payment before he died. She continued his claim on a substituted basis, and the Board of Veterans' Appeals ("BVA") subsequently issued a decision denying the claim. Acting *pro se*, with the assistance of a relative, she mailed a Notice of Appeal from the Philippines to the United States Court of Appeals for Veterans Claims ("CAVC") in Washington, DC. That notice apparently never arrived. Months later, when she inquired about the status of the appeal—by a letter sent via ***registered*** mail bearing the tracking identifier (Standard S10 Item ID) **RR 066 777 197 PH** from the Philippines—the CAVC instead docketed her status inquiry itself as a Notice of Appeal. *Adelaida B. Antalan v. David J. Shulkin, M.D.*, Vet App. No. 17-1820 (CAVC). Unfortunately, it was received eight (8) days <u>after</u> the

---

[2] According to data from the World Bank, Filipinos had an *average* annual income of $3,580 in 2016. *See* https://data.worldbank.org/indicator/NY.GNP.PCAP.CD. Thus, the significance of receiving the one-time payment from VA cannot be overemphasized.

120-day period for appeal of the BVA decision had expired, even though it had been mailed from the Philippines eight (8) days <u>before</u> the period had expired. CAVC dismissed her appeal as untimely. Following the dismissal, Plaintiff was engaged as counsel with respect to the appeal.

12. The fate of the missing Notice of Appeal remains an unsolved mystery as of the date of this Complaint and is the subject of a "Missing Mail Search Request" (Search ID #3495371) submitted to USPS that is <u>unrelated</u> to this FOIA action. The registered mail that the CAVC actually received, however, <u>is</u> the subject of this FOIA action. Why it took that registered item sixteen days to be delivered (by air mail), what information USPS knows concerning its movements from the Philippines to the United States, and exactly who had possession, custody, and/or control of the item during those movements are among the questions to which certain answers might, in effect, excuse the untimely receipt of the item by CAVC. In short, circumstances warranting equitable tolling could be argued to CAVC.

13. On January 19, 2018, on behalf of its client, Plaintiff moved for reconsideration of CAVC's dismissal of her appeal, arguing that the period for appealing should be equitably tolled. On February 8, 2018, CAVC granted a stay through February 20, 2018 so that Plaintiff can investigate, *inter alia*, grounds for equitable tolling. Plaintiff has moved for the stay to be continued for at least thirty (30) additional days, through March 22, 2018.

14. Registered mail such as an item sent from the Philippines to the United States bears a unique item identifier (in this case **RR 066 777 197 PH**) so as to be a trackable item by the postal (government) authorities: the Philippine Postal Corporation ("PHLPOST") and USPS. This identifier follows the convention of Universal Postal Union ("UPU")[3] Standard S10 entitled

---

[3] "The UPU is a specialized agency of the United Nations that sets the terms for how the world's postal operators exchange international mail under a universal service obligation. . . . With 192 member countries, the organization . . . is the primary forum for cooperation among

- 4 -

IDENTIFICATION OF POSTAL ITEMS – 13-CHARACTER IDENTIFIER.  *See* http://www.upu.int/uploads/tx_sbdownloader/S10-12.pdf.  "Standard S10 is the applicable UPU standard for item ID, used on trackable items (e.g. registered, . . . letter post . . .)."  *See* UPU POSTAL TRANSPORT GUIDE (Oct. 9, 2014), at 6, available at http://www.upu.int/uploads/tx_sbdownloader/guidePostalTransportEn.pdf.

15. The same S10 identifier is used by both PHLPOST and USPS to track a piece of registered mail throughout the mail pipeline between the countries.  In fact, "[b]eginning October 1st, 2015, U.S. customers [have been] able to obtain tracking and delivery information for inbound registered items on USPS.com from" the Philippines because "[t]he [United States] Postal Service participates with groups of international postal operators to share tracking and delivery information for registered items."  *See* USPS FAQ entitled "What countries provide tracking and delivery information for Registered items sent to the United States?," available at http://faq.usps.com/?articleId=1437076354655.

16. The S10 identifier itself (**RR 066 777 197 PH**) is trackable, but the tracking information available to the public via the internet at https://tracking.phlpost.gov.ph/ and https://www.usps.com/ is limited and incomplete.

17. Considerably more comprehensive tracking information exists with respect to a piece of international, registered mail.  For example, PHLPOST and USPS exchange electronic messages—so-called *Electronic Data Interchange ("EDI")* messaging—providing notifications concerning the transportation of a registered letter from the origin Post (or so-called "outward

---

postal sector players . . . ¶ The United States is a member of the UPU and exchanges mail, in accordance with its Acts, with other foreign postal operators designated by their governments to provide universal service throughout their territories."  *See* Statement of Randy S. Miskanic, Acting Chief Information Officer and Executive Vice President, United States Postal Service, Before the Subcommittee on Government Operations, United States House of Representatives (June 16, 2015), available at https://blueearth.usps.gov/news/speeches/2015/pr15_testimony0616.pdf.

- 5 -

office of exchange") to the destination Post (or so-called "inward office of exchange") and ultimately to the addressee. *See, e.g.,* UPU POSTAL TRANSPORT GUIDE (Oct. 9, 2014), at 16-17, available at http://www.upu.int/uploads/tx_sbdownloader/guidePostalTransportEn.pdf.  Further, a "postal receptacle is typically a bag or a tray containing postal items.  It has a standard 29-character barcoded *receptacle ID*.  Postal receptacles are a physical entity handled by carriers such as airlines.  The receptacle ID is used by carriers, as well as by Posts.  The applicable UPU standard for receptacle ID is S9." *Id.* (emphasis added).  "Each postal receptacle is a component of a postal dispatch and has a standard 20-character *dispatch [ID]*. The dispatch identifier is part of the 29-character receptacle ID." *Id.* (emphasis added).  Separately, "the *consignment ID* is not a component of the receptacle ID.  Thus the consignment to which a receptacle belongs cannot be determined from the receptacle ID, or from the other information on the receptacle label.  Moreover, a receptacle may be a component of more than one consignment as it is transported from origin office of exchange to destination office of exchange (e.g. in closed transit)." *Id.* (emphasis added).

18.   This action seeks to shed light on how a single (important) piece of international, registered mail made its way to its ultimate destination in the United States.  The detailed tracking information withheld by USPS could make the difference between receipt of a veteran's benefit after about a decade of waiting, or disenfranchisement and disillusionment of an elderly, sick woman living in a rural part of the Philippines.  USPS's withholdings here add insult to injury: not only did VA improperly deny a benefit to a Filipino World War II veteran who served on behalf of the United States, but his surviving wife's appeal of that denial has been stymied because of the vagaries and unreliability of international mail delivery compounded by USPS's unwillingness to act "in the public interest."

## PLAINTIFF'S FOIA REQUEST AND USPS'S
## FAILURE TO COMPLY WITH FOIA

19. On January 2, 2018, Plaintiff submitted a FOIA request ("FOIA Request") to USPS via the USPS Online FOIA Portal requesting:

> [A]ll Records relating to arrival/receipt in the U.S., or custody or control by USPS of a registered letter sent from the Philippines to the U.S. with tracking number RR066777197PH. The term "Records" includes but is not limited to all tracking information (particularly including any information not shown through a public tracking inquiry on the USPS web site) and/or any other details concerning the transfer of custody, control or responsibility for delivery of this registered letter from the Philippine Postal Corporation (PHLPOST) to USPS.

*See* **Exhibit 1**. A fee waiver and expedited processing also were requested. *Id.*

20. USPS acknowledged receipt of the FOIA Request by email in January 2, 2018 and assigned it Request Number 2018-FPRO-00339. *See* **Exhibit 2**.

21. By email and letter dated January 4, 2018, USPS further acknowledged receipt of the FOIA Request. *See* **Exhibit 3**.

22. By letter dated January 8, 2018, USPS responded to the FOIA Request by providing "a proof of delivery letter and a document with the detailed tracking information." *See* **Exhibit 4**. As for the latter, USPS provided a print of information available through its web site as well as a print from the "USPS Tracking Intranet" concerning the tracking number at issue. *Id.*

23. By email dated January 15, 2018, Plaintiff administratively appealed, stating in part:

> The USPS Response Determination is hereby administratively appealed for the following reasons:
>
> **1.** The USPS Response Determination included a print from the **USPS Tracking Intranet**, and that print is of very poor quality and illegible to some extent. *See* Exhibit A hereto. **A higher quality / higher resolution print is needed** so that this document

can be fully read, with such print preferably created by "printing to pdf" so as to be in electronic format, and preferably being sent to Requester by email.

**2.** The above-identified print from the USPS Tracking Intranet, in the "Other Information" column of the table, references a Receptacle ID that appears to be a hyperlink and although very difficult to read, appears to be PHMNLAUSJFKAAUR70063003110044.  A print of the complete tracking for this Receptacle ID, for example, falls within the scope of the FOIA request but was not provided.  Requester requires the following records:

**(a)** the complete tracking for **Receptacle ID PHMNLAUSJFKAAUR70063003110044** (the "Other Information" column, for example, notes a "Last Stop" of "NRT - Tokyo" but does not provide detailed information on all "stops" or when USPS had responsibility), including a key to any codes or acronyms used therein;

**(b)** a copy of the **Receptacle Label(s)** (for example, Universal Postal Union (UPU) Forms CN 35, CN 36, CP 84, and/or CP 85 labels) attached to the receptacle for **Receptacle ID PHMNLAUSJFKAAUR70063003110044**, including a key to any codes or acronyms used thereon;

**(c)** the complete tracking for **Dispatch ID PHMNLAUSJFKAAUR70063** (the first 20 characters of the Receptacle ID), including a key to any codes or acronyms used therein;

**(d)** all records concerning any **Consignment ID** associated with the aforementioned registered letter tracking number and/or Receptacle ID, including but not limited to any **delivery bills** (such as Universal Postal Union (UPU) Forms CN 38 and/or CN 41 delivery bills), including a key to any codes or acronyms used therein;

**(e)** all records relating to the transportation or transit used for the aforementioned registered letter tracking number and/or Receptacle ID, including but not limited to "direct transportation," "direct transshipment – intraline," "direct transshipment – interline," "closed transit," and/or "transit à découvert (open transit)";

**(f)** all records concerning Electronic Data Interchange ("EDI") messaging relating to **Receptacle ID PHMNLAUSJFKAAUR70063003110044** and/or **Dispatch ID PHMNLAUSJFKAAUR70063** including but not limited to

message sets such as PREDES/RESDES, PRECON/RESCON and CARDIT/RESDIT, postal EDI messaging, and airline cargo messaging, including a key to any codes or acronyms used therein; and

**(g)** all records relating to when **registered letter tracking number RR066777197PH** and **Receptacle ID PHMNLAUSJFKAAUR70063003110044** were in the possession, custody, or control (e.g., became the responsibility) of USPS.

Each of the references to **Receptacle ID PHMNLAUSJFKAAUR70063003110044** and **Dispatch ID PHMNLAUSJFKAAUR70063** herein assume that the ID has been identified accurately from the right-most column of the table in the USPS Tracking <u>Intranet</u> print attached hereto as Exhibit A. Those references should be amended, as needed, to correspond to registered mail **tracking number RR066777197PH**, given that the undersigned had great difficulty reading the Receptacle ID on the poor quality print provided in the USPS Response Determination.

*See* **Exhibit 5** (emphasis in original).

24. By email on January 16, 2018, USPS forwarded ".pdf versions of the tracking materials that were provided previously in hardcopy" and stated that with respect to the Receptacle ID,

> [USPS is] unable to provide any additional information. The receptacle data you are requesting is commercial in nature. The data provides sensitive information about how pieces of mail are transported from foreign posts to the Postal Service. This material is exempt from disclosure under FOIA Exemption 3, 39 U.S.C 410(c)(2).

*See* **Exhibit 6**.

25. On January 16, 2018, USPS also acknowledged receipt of the administrative appeal and assigned it FOIA Appeal No. 2018-APP-00054. *See* **Exhibit 7**.

26. By email sent January 18, 2018, Plaintiff submitted a supplemental appeal, stating in part:

> This email supplements Requester's January 15, 2018 appeal in view of the attached email correspondence from Mark T. Owen, USPS, dated January 16, 2018. *See* Exhibit B attached hereto.

- 9 -

Requester further appeals the denial of information concerning details related to the requested tracking, including but not limited to the Receptacle ID.  The January 16, 2018 email states: "The receptacle data you are requesting is commercial in nature.  The data provides sensitive information about how pieces of mail are transported from foreign posts to the Postal Service.  This material is exempt from disclosure under FOIA Exemption 3, 39 U.S.C 410(c)(2)."  The cited statutory exemption, 39 U.S.C. 410(c)(2), concerns "information of a commercial nature, . . . which under good business practice would not be publicly disclosed."

First, contrary to USPS's position, the withheld information actually is information that **would be publicly disclosed** under good business practices.  Indeed, the tracking information sought by Requester is meant to shed light on the path her registered letter took from the Philippines to the United States and when her letter came under the purview of USPS, e.g., it was under USPS's possession, custody, or control.  The availability of such tracking information is critical to a postal customer's decision to use the governmental postal authorities for delivery of a letter rather than by directly engaging a competitor that is private courier service such as FedEx or UPS.  Good business practices would dictate that the requested tracking information be disclosed; otherwise, the loss of confidence in the postal service as a delivery option (due to lack of transparency) would damage USPS's business by providing incentive for customers to place their international mail business with private couriers that furnish more transparent tracking.  Indeed, the competitiveness of USPS's present international mail delivery operations has already been called into doubt by USPS itself, with the Office of Inspector General having initiated a study just a few weeks ago concerning "Why Does USPS Have Difficulty Meeting International Service Performance Goals for Letter Post Mail?"  *See* https://www.uspsoig.gov/audit-asks/why-does-usps-have-difficulty-meeting-international-service-performance-measurements (admitting that USPS's service quality for international inbound mail has met the Universal Postal Union (UPU) service performance target only once since 2005).  If USPS, overall, is unable to make timely delivery of inbound, international mail, then the transparency of all tracking information for its letters is the only way that customers may gain confidence to continue to use USPS services for mail between a given country and the United States.  Still further, the tracking information associated with a Receptacle ID should be transparent to the customer—as a good business practice—given that alternative courier services provide customers with a more time definite service network including customs clearance, as well as full visibility at the container level.

>Second, it also is Requester's position that the registered letter tracking information does not qualify as "information of a commercial nature." *See, e.g., Carlson v. United States Postal Serv.*, 504 F.3d 1123, 1130 (9th Cir. 2007).
>
>Third, Requester further appeals on the basis that USPS has not provided any segregable portions of the withheld Records, e.g. the Receptacle ID, Receptacle label, Dispatch ID, and Electronic Data Interchange ("EDI") messaging. Requester is not seeking any financial information. Instead, Requester is seeking detailed tracking information.

*See* **Exhibit 8** (emphasis in original).

27. By letter dated February 12, 2018, USPS denied the administrative appeal concerning the FOIA Request. *See* **Exhibit 9**. The letter revealed that "a search was conducted which produced two pages responsive to your request for receptacle tracking information. Both pages were withheld in full." *Id.* The letter also stated in part:

>We note that on appeal you seek various additional records that were not in the scope of your original FOIA request. You may not on appeal expand the scope of your request, which was limited to records relating to a particular registered letter - not complete tracking information for a particular receptacle. Therefore, any additional searches conducted or information provided pursuant to your additional requests in your appeal were completely discretionary.
>
>\* \* \*
>
>Here, we find that detailed tracking information for particular international mail receptacles qualifies as "commercial information" under Section 410(c)(2). Such information would reveal sensitive aspects of how mail is transported from foreign posts to the Postal Service, including, disaggregated inbound international mail volumes from particular posts and potential lines of travel between particular foreign posts and domestic destinations. We also find that this information would not be released "under good business practice" because it could potentially compromise the security of Postal Service operations and its employees and contains operational information at a much more granular level than what is typically disclosed publicly. Accordingly, this information is exempt from disclosure under Exemption 3 of the FOIA and Section 410(c)(2).
>
>. . . Here, nearly all of the information contained in the withheld documents would be exempt from disclosure as commercial

> information. Attempts to redact these documents to segregate releasable portions would leave nothing more than disjointed words or phrases containing minimal or no informational content. As such, it was proper to withhold them in full.

*Id.*

### FIRST CAUSE OF ACTION:
### Unlawful Failure to Disclose Agency Records
### With Respect to Plaintiff's FOIA Request

28.   Plaintiff repeats and re-alleges paragraphs 1-27 above.

29.   Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant USPS in the FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

30.   With respect to the FOIA Request, defendant USPS's failure to conduct a reasonable search, and wrongful withholding of agency records, are unlawful, and in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as USPS's regulations promulgated under FOIA.

31.   Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

### SECOND CAUSE OF ACTION:
### Violation of the Administrative Procedure Act for Wrongful Withholding of
### Agency Records With Respect to Plaintiff's FOIA Request

32.   Plaintiff repeats and re-alleges paragraphs 1-31 above.

33.   Defendant USPS's wrongful withholding of agency records constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06. USPS's failure to conduct a reasonable search, and its withholdings, are arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

34.   Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the FOIA Request.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against defendant, and that:

a) defendant and any of defendant's agents or other persons, offices, or components acting for, with, by, through or under them be ordered to promptly conduct a reasonable search and disclose all records responsive to the FOIA Request;

b) defendant and any of defendant's agents or other persons, offices, or components acting for, with, by, through or under them be enjoined and restrained from continuing to fail to conduct a reasonable search, and from withholding records responsive to the FOIA Request, in violation of FOIA and the APA;

c) the Court require defendant to make the requested records promptly available, and provide requested relief as warranted;

d) the Court declare that the requested records are not exempt from disclosure under FOIA and order defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

e) the Court enter a judgment awarding Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

f) the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

Dated:  February 16, 2018          Respectfully submitted,

/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
    Email:  watkins@wlapllc.com
WATKINS LAW & ADVOCACY, PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
Telephone: (202) 355-9421
Facsimile: (202) 355-9424